Filed 12/8/15  P. v. Cooper CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEE MITCHELL COOPER,<br><br>        Defendant and Appellant. | E063068<br><br>(Super.Ct.Nos. FSB1003620 &<br> FWV1202728)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson and Michael A. Smith, Judges.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Lee Mitchell Cooper appeals from orders denying his petitions for resentencing. He contends his convictions of attempted grand theft (Pen. Code,[1] §§ 664, 487, subd. (a)) and second degree burglary of a vehicle (§ 459) should be reduced to misdemeanors under Proposition 47 and section 1170.18. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Defendant was charged in a felony complaint with receiving a stolen motor vehicle, a 1987 Chevy Capri. (§ 496d, subd. (a).) In October 2010, defendant entered a plea of guilty in case No. FSB1003620 to attempted grand theft. (§§ 664, 487, subd. (a).) He stipulated that the trial court could consider the police reports in the court's file for the factual basis for the plea. He was sentenced to a term of eight months in state prison to run concurrent to his sentence on charges not relevant to this appeal.

In June 2013, a jury found defendant guilty in case No. FWV1202728 of second degree burglary of a vehicle. (§ 459.) Allegations of a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and three prior prison term convictions (§ 667.5, subd. (b)) were found true. Defendant was sentenced to a term of four years in state prison for the burglary and consecutive one-year terms for each of the three prior prison term convictions, for a total of seven years in state prison. Victim restitution was ordered in the amount of $285.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant filed petitions in both cases requesting resentencing under Proposition 47. At the hearing on the petition in case No. FSB1003620, the prosecutor argued that the dollar amount was $1,500. Defense counsel responded, "Your Honor, that is what was estimated in the report. This was an attempt, however. So I would ask the court to still grant the request." The trial court denied the petition on the ground that the value of the targeted property exceeded $950.

The trial court denied the petition in case No. FWV1202728 on the ground that defendant did not satisfy the criteria in section 1170.18 and was not eligible for resentencing.

## DISCUSSION

### Standard of Review

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

### Proposition 47 and Statutory Amendments

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233

3

Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

*Defendant Has Failed to Establish His Eligibility for Resentencing in Case No. FWV1202728*

In case No. FWV1202728, defendant was convicted of second degree burglary of a vehicle under section 459, which provides: "Every person who enters any . . . vehicle as defined by the Vehicle Code, when the doors are locked, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary. . . ." He contends that he broke into a parked vehicle on a commercial lot, and the only damages to the vehicle were a

4

broken window that cost about $285 to repair. He argues that his offense should be reclassified as a misdemeanor.

As the petitioner, defendant bore the burden of establishing that he satisfied the criteria for relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) However, his petition did not allege that the value of the targeted property was less than $950. Indeed, as noted, defendant stipulated that the police reports in the court's file constituted the factual basis for the plea. The record indicates that the police reports showed that the value of the targeted property was $1,500. At the hearing on defendant's petition for recall of his sentence, his counsel agreed that $1,500 was the amount that was reflected in the file.

We conclude the trial court did not err in denying the petition in case no. FWV1202728 because defendant failed to meet his burden of proving that the value of the targeted property was less than $950.

*Defendant Has Failed to Establish His Eligibility for Resentencing in Case No. FSB1003620*

As noted, *ante*, section 1170.18, subdivision (a), does not list second degree burglary (§ 459) as an offense eligible for resentencing. However, Proposition 47 added section 459.5, defining the offense of shoplifting. Section 459.5, subdivision (a), states: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be

5

taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary."

Defendant argues that entry into a locked vehicle with the intent to commit larceny is a similar offense to shoplifting with similar elements, and Proposition 47 impliedly applies to his offense. The Legislature's inclusion of specific statutory sections, but not section 459, shows the Legislature intended to exclude section 459. Under the statutory interpretation canon *expressio unius est exclusio alterius*, the inclusion of one thing in a statute indicates exclusion of another thing not expressed in the statute. (*People v. Whitmer* (2014) 230 Cal.App.4th 906, 917-918.) Thus, when the items expressed in a statute are members of an associated group or series, a conclusion is justified that items not mentioned were excluded by deliberate choice, not inadvertence. (*The Formula Inc. v. Superior Court* (2008) 168 Cal.App.4th 1455, 1463.)

For example, in *People v. Gray* (1979) 91 Cal.App.3d 545, 551, the court concluded that the legislative inclusion of only four crimes as exceptions to the sentence enhancement for great bodily injury in the commission of a felony (§ 12022.7) demonstrated the legislative intent to exclude other crimes, like attempted murder, from the list. When a statute lists specific exemptions, courts may not infer additional exemptions in the absence of a clear legislative intent that such exemptions are intended. (*Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195, superseded by statute on another ground as stated in *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1107.) We therefore reject defendant's contention that his conviction of a violation of section 459 was eligible for resentencing.

DISPOSITION

The orders appealed from are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.